Robin Earl MARLER, and Rebecca
Gail Marler, Plaintiffs,

v.

Frank A. DUNN, and Erna M.
Dunn, Defendants.

No. 83–1125C(2).

United States District Court,
E.D. Missouri, E.D.

Aug. 16, 1984.

Thomas L. Ray, Jr., Farmington, Mo., John A. Michener, St. Louis, Mo., for plaintiffs.

Samuel T. Vandover, St. Louis, Mo., for defendants.

## MEMORANDUM

FILIPPINE, District Judge.

This matter is before the Court on defendants' motion for judgment in accordance with their motion for directed verdict and defendants' alternative motion for new trial. Plaintiffs have filed memoranda in opposition to defendants' motions.

A. *Motion for Judgment Notwithstanding the Verdict*

In ruling on a motion for judgment notwithstanding the verdict, this Court is

(1) to consider the evidence in the light most favorable to the plaintiffs as the parties prevailing with the jury; (2) to assume that all conflicts in the evidence were resolved by the jury in favor of the plaintiffs; (3) to assume as proved all facts which plaintiffs' evidence tends to prove; (4) to give plaintiffs the benefit of all favorable inferences which may reasonably be drawn from the facts proved; and (5) to deny the motion if, reviewing the evidence in this light, reasonable men could differ as to the conclusions to be drawn from it.

*J & J Farms, Inc. v. Cargill, Inc.*, 693 F.2d 830, 834–35 n. 1 (8th Cir.1982); *Voegeli v. Lewis*, 568 F.2d 89, 92 (8th Cir.1977); *Griggs v. Firestone Tire and Rubber Company*, 513 F.2d 851, 857 (8th Cir.), *cert. denied*, 423 U.S. 865, 96 S.Ct. 124, 46 L.Ed.2d 93 (1925); *Hanson v. Ford Motor Co.*, 278 F.2d 586, 596 (8th Cir.1960). Conversely, if there is no evidence from which a jury could properly return a verdict for plaintiffs, the Court must grant the motion.

*See* 9 Wright & Miller, *Federal Practice and Procedure* § 2524, p. 543.

The evidence presented at trial in the instant action, viewed in the light most favorable to plaintiffs, establishes the following facts.

On August 28, 1978, plaintiffs Robin Earl Marler and Rebecca Gail Marler signed a rental agreement in which they agreed to rent a dwelling owned by defendants Frank A. Dunn and Erna A. Dunn located at 305 Lewis Street, Flat River, Missouri. The rental agreement provided, *inter alia*, that the Marlers were responsible for keeping the house and yard in good condition and for taking "all possible precautions to prevent damage from rain, freezing, windstorms, fires or other hazards, ...." The Marlers also gave permission in the rental agreement to defendants or their agent, upon prior notification, "to inspect inside and outside property at least once a month if found necessary."

The rental agreement was signed by plaintiffs in the office of Eleanor Boyd, a real estate agent hired by defendants to manage the property. At the time of the signing of the agreement, Mrs. Boyd told plaintiffs that if they had any "problems," they were to let her know. Mrs. Boyd retained a key to the dwelling in order to enable her to effectively manage the property.

The Marlers moved into the dwelling on September 20, 1978. Three days later, Mrs. Marler gave birth to the couple's first son, Jeremy. A second son, Jason, was born on June 13, 1980.

After moving in, the Marlers had several problems with the house. A hole in a sewer pipe resulted in raw sewage escaping onto the driveway. This problem was finally corrected after Mrs. Marler made several phone calls to Mrs. Boyd. The Marlers also experienced a few problems with the plumbing. Similarly, these problems were corrected after the Marlers notified Mrs. Boyd. Additionally, the Marlers saw rats running across the basement floor and heard them gnawing. Mrs. Marler called Mrs. Boyd about the rat problem and was told that she could not afford to pay an exterminator to correct the problem.

The Marlers also had a few electrical problems. An overhead light in the master bedroom did not work. Mrs. Marler called Mrs. Boyd concerning the light. Three days later, Mr. Dunn's father came to the house and fixed the light. There was also an electrical problem with a hairdryer. The Marlers' own testimony, however, clearly established that the problem was with the electrical cord and plug of the hairdryer—not with any electrical outlet of the house. Finally, a fuse blew when the Marlers installed an air conditioner in the living room. Mr. Marler called Mr. Dunn's father who replaced the fuse. The air conditioner worked properly after the fuse was replaced.

On the morning of February 15, 1982, there was a fire at the Marler residence. The fire resulted in the death of the Marlers' youngest son, Jason.

The testimony adduced at trial, viewed in the light most favorable to plaintiffs, indicated that the fire was caused by an arcing between two wires in the electrical outlet in the boys' bedroom. The testimony also revealed that if the faceplate covering the outlet had been removed and the wiring inspected, the problem could have been discovered.

Based upon the foregoing evidence, the Court read the following verdict-directing instruction to the jury:

Your verdict must be for plaintiffs Robin Marler and Rebecca Marler if you believe:

First, plaintiffs are the parents of Jason Glenn Marler, deceased, and

Second, that defendants promised to repair and maintain the house they rented to the Marlers, and

Third, defendants retained control over the house for the purpose of inspection and repair, and

Fourth, that there was unsafe electrical wiring at the wall receptacle in the bedroom of Jason Marler and as a result the house was not reasonably safe, and

Fifth, defendants knew, or by using ordinary care could have known of this condition, and

Sixth, defendants failed to use ordinary care to make the wiring reasonably safe or warn the Marlers of its unsafe condition, and

Seventh, defendants were thereby negligent, and

Eighth, as a direct result of such negligence, Jason Glenn Marler died.

The jury returned a verdict in favor of plaintiffs and against defendants in the sum of $90,000.00. The Court thereafter entered judgment in favor of plaintiffs in accordance with the jury's verdict.

■ After careful consideration of the evidence and the applicable law, the Court finds that the evidence was insufficient as a matter of law to establish that "defendants knew, or by using ordinary care could have known" of the condition of the wiring in the outlet at the time of the fire.

First, there is certainly no evidence that defendants actually knew of the condition. Plaintiffs testified that they had used the outlet at issue without incident during the early period of their occupancy. The outlet had not been used at all for at least six months prior to the date of the fire. Plaintiffs admitted that they had not notified defendants of any problem with the electrical outlet or the wiring.

■ Second, the Court finds that the evidence presented is insufficient as a matter of law to establish that defendants by using ordinary care could have known of this condition. Defendants had no reason to suspect that there was any problem with this outlet. *Cf. Lemm v. Gould*, 425 S.W.2d 190, 197 (Mo.1968); *Tucker v. Taksel*, 345 S.W.2d 385, 388 (Mo.Ct.App.1961). Thus, the Court holds that defendants had no duty to examine it under the facts presented herein. To hold that a landowner who has no reason to suspect that

such a condition exists is liable to a tenant for injuries resulting therefrom would impose a duty greater than that of ordinary care and would be tantamount to holding that a landlord is an insurer of the safety of his premises. Such is not the law.

For the foregoing reasons, therefore, the Court will grant defendants' motion for judgment in accordance with their motion for a directed verdict and will enter judgment in favor of defendants.

B. *Alternative Motion for New Trial*

■ A trial court may grant a motion for a new trial if the jury's verdict is against the manifest weight of the evidence. *See* 11 Wright & Miller, *Federal Practice and Procedure* § 2806. *See also* 9 Wright & Miller, *Federal Practice and Procedure* § 2531.

For the reasons expressed above, the Court believes the jury's verdict was against the manifest weight of the evidence on the issue of whether defendants knew, or by using ordinary care could have known, of the dangerous condition.

Therefore, the Court will conditionally[1] grant defendants' alternative motion for a new trial.

ORDER AND JUDGMENT

In accordance with the Memorandum filed this day and incorporated herein,

IT IS HEREBY ORDERED that defendants' motion for judgment in accordance with their motion for directed verdict be and is GRANTED.

IT IS FURTHER ORDERED that the Judgment entered in favor of plaintiffs in the above-styled cause on June 8, 1984, be and is VACATED.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that defendants Frank A. Dunn and Erna M. Dunn shall

---

1. Rule 50(c)(1), Fed.R.Civ.P., provides that if the Court grants a motion for judgment notwithstanding the verdict, "the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed.... If the motion for a new trial is thus conditionally granted, the order thereon does not affect the finality of the judgment."

**4**

have judgment against plaintiffs Robin Earl Marler and Rebecca Gail Marler on plaintiffs' complaint.

IT IS FURTHER ORDERED that costs be taxed against plaintiffs.

IT IS FURTHER ORDERED that defendants' alternative motion for a new trial be and is conditionally GRANTED.